UNITED STATES of America, Appellee,

v.

Juan A. MATA, Defendant–Appellant.

No. 743, Docket 97–1217.

United States Court of Appeals,
Second Circuit.

Argued Dec. 11, 1997.

Decided Jan. 7, 1998.

Richard C. Daddario, Assistant United States Attorney, Southern District of New York, New York City (Mary Jo White, United States Attorney, Craig A. Stewart, Assistant United States Attorney, on the brief), for Appellee.

Peter Goldberger, Ardmore, PA, for Defendant–Appellant.

Before: ALTIMARI, WALKER and CABRANES, Circuit Judges.

PER CURIAM:

Defendant–Appellant Juan A. Mata was originally convicted of conspiracy to possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846 and of using or carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). Although the United States Sentencing Guidelines (the "Guidelines") generally require a two-level enhancement of a defendant's base offense level for "possess[ion]" of a firearm, see U.S.S.G. § 2D1.1(b)(1), the Guidelines further specify that in order to avoid double-counting, no such enhancement may be imposed if the defendant is separately convicted of "us[ing] or carr[ying] a firearm" under section 924(c), see U.S.S.G. § 2K2.4, Application Note 2. Accordingly, imposition of the mandatory consecutive five-year sentence under section 924(c) precluded the United States District Court for the Southern District of New York (John F. Keenan, *Judge*) from enhancing Mata's sentence on the narcotics trafficking conviction. The district court sentenced Mata principally to eight years' imprisonment on the narcotics trafficking count, a consecutive five-year term for the firearm offense, and a five-year term of supervised release.

After the United States Supreme Court, in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), overruled the construction of 18 U.S.C. § 924(c) previously adopted by this Circuit, Mata filed a petition pursuant to 28 U.S.C. § 2255 seeking vacatur of his firearm conviction. His petition was granted and the conviction under section 924(c) was vacated. The government urged the district court to resentence Mata, this time imposing the two-level enhancement for possessing a firearm that was earlier barred by the section 924(c) conviction. Over Mata's objection, the district court resentenced him on the narcotics trafficking count to a term of nine years' imprisonment. Mata now appeals this sentence, arguing that the district court lacked jurisdiction to resentence him under 18 U.S.C. § 3582(c), which provides that a "court may not modify a term of imprisonment once it has been imposed except that (1) in any case ... (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute...." Mata further contends that the resentencing violated the Due Process and Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution.

### I.

■ After Mata filed his appellate brief in this case, but before his appeal was heard, another panel of this Court held that 28 U.S.C. § 2255 itself provides a district court with jurisdiction to resentence a defendant in Mata's position and to impose the two-level enhancement for possession of a firearm, after vacatur of a conviction under section 924(c). *See United States v. Gordils,* 117 F.3d 99, 102 (2d Cir.1997). *Gordils* is controlling authority that compels us to reject Mata's claim that the district court acted without jurisdiction. However, Mata raises constitutional claims not presented in *Gordils,* which we now address.

■ Mata directs our attention to *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), a case antedating the Guidelines regime introduced by the Sentencing Reform Act of 1984, Pub.L. No. 98–473, 98 Stat. 1988 (1984) (codified as amended at 18 U.S.C. § 3551 *et seq.* and 28 U.S.C. §§ 991–98). In *DiFrancesco,* the Supreme Court held that the Double Jeopardy Clause prohibits enhancement of a defendant's sentence after the defendant has developed an "expectation of finality in the original sentence." 449 U.S. at 139, 101 S.Ct. at 438–39. Mata contends that he had such an expectation of finality in his original sen-

tence for the narcotics trafficking conviction. However, we conclude that once Mata challenged the firearm conviction he could not reasonably have expected that he would not be subject to a two-level enhancement under the narcotics trafficking conviction.

■ Although in *Gordils* this Court did not reach the constitutional issues raised here, we did observe that "the legal interdependence of sentences under the [G]uidelines" permits a court to "reconsider related sentences in the context of collateral attack." 117 F.3d at 103. When a defendant elects to challenge one part of a sentencing "package" whose constituent parts are "truly interdependent," review of the entire sentencing package does not constitute a double jeopardy violation. *See McClain v. United States,* 676 F.2d 915, 918 (2d Cir.1982). In this case, by challenging his section 924(c) conviction, Mata necessarily reopened the entire interdependent sentence of which it was a part. This is so because the Guidelines provision allowing either a two-level enhancement on a narcotics trafficking conviction or a mandatory five-year sentence under section 924(c)— but never both—renders Mata's sentence "truly interdependent," *see Gordils,* 117 F.3d at 103. Far from violating the Double Jeopardy Clause, the resentencing by the district court did "nothing more than put [Mata] in the same position [he] would have occupied had [he] not been convicted under [section] 924(c) in the first place." *Id.* We therefore find ample reason to join our sister circuits that have concluded that there is no double jeopardy violation when vacatur of a section 924(c) conviction leads to resentencing on an interdependent sentence for a narcotics trafficking offense. *See United States v. Mendoza,* 118 F.3d 707, 710 (10th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 393, 139 L.Ed.2d 307 (1997); *United States v. Morris,* 116 F.3d 501, 505 (D.C.Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 431, 139 L.Ed.2d 331 (1997); *United States v. Rodriguez,* 114 F.3d 46, 48 (5th Cir.1997); *United States v. Harrison,* 113 F.3d 135, 138 (8th Cir.1997); *United States v. Binford,* 108 F.3d 723, 729 (7th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 2530, 138 L.Ed.2d 1029 (1997).

■ Mata's Due Process Clause claim is also unavailing. He argues that the enhancement of his sentence for narcotics trafficking unfairly burdened his right to seek collateral review by creating an appearance of vindictiveness. *See generally North Carolina v. Pearce,* 395 U.S. 711, 724–26, 89 S.Ct. 2072, 2080–81, 23 L.Ed.2d 656 (1969); *United States v. Don King,* 126 F.3d 394, 397 (2d Cir.1997) ("the appearance of vindictiveness must ... be avoided" in sentencing decision). We see no hint of vindictiveness in a resentencing that culminates in imposition of precisely the same sentence that would have been imposed in the absence of the section 924(c) conviction. *See Morris,* 116 F.3d at 506. Responding to a similar argument in *United States v. Atehortva,* 69 F.3d 679 (2d Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 2510, 135 L.Ed.2d 199 (1996), we explained that "[w]hen a defendant challenges convictions on particular counts that are inextricably tied to other counts in determining the sentencing range under the [G]uidelines, the defendant assumes the risk of undoing the intricate knot of calculations should he succeed.... [I]f a more severe sentence results, vindictiveness will not be presumed." *Id.* at 685–86 (citation omitted). Particularly in light of the fact that Mata's resentencing left him with an aggregate sentence four years less than that originally imposed, there is no basis for any inference of vindictiveness and therefore no due process violation.

## II.

For the reasons stated above, the judgment of the district court is affirmed.