**UNITED STATES of America,
Appellee–Cross–Appellant,**

v.

**Benjamin Gary TRIESTMAN,
Defendant–Appellant–
Cross–Appellee.**

**Docket Nos. 98–1021(L), 98–1221(XAP).**

United States Court of Appeals,
Second Circuit.

Argued Jan. 11, 1999.

Decided June 2, 1999.

Paul D. Silver, Assistant United States Attorney, Albany, New York (Thomas J. Maroney, United States Attorney for the Northern District of New York, on the brief), for Appellee–Cross–Appellant.

David A. Lewis, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, New York, for Defendant–Appellant–Cross–Appellee.

Before: JACOBS and SOTOMAYOR, Circuit Judges, and SAND,* District Judge.

SOTOMAYOR, Circuit Judge:

In a recent decision, this court resolved the "important issue" of "whether a district court has jurisdiction to resentence a defendant on an underlying, unchallenged drug trafficking conviction where, pursuant to *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the defendant has successfully challenged a related firearm conviction in a 28 U.S.C. § 2255 petition." *United States v. Gordils*, 117 F.3d 99, 100 (2d Cir.), *cert. denied*, ── U.S. ──, 118 S.Ct. 430, 139 L.Ed.2d 330 (1997). In this case, we address the related issue of whether such a resentencing is permissible where the defendant has made an identical successful challenge, but in a 28 U.S.C. § 2241 petition. We conclude here, as in *Gordils*, that this resentencing is permissible both under 18 U.S.C. § 3582(c)—which limits the circumstances under which courts can modify terms of imprisonment once imposed—and under the Double Jeopardy Clause of the United States Constitution. We also find that the district court acted within its discretion by resentencing defendant-appellant Triestman without an updated presentence investigation report, and that Triestman has waived his present request for a new hearing as to whether his original guilty plea was coerced. We therefore affirm the district court's judgment.

## BACKGROUND

On October 5, 1992, pursuant to an agreement entered into with the government, Triestman pled guilty to the following three counts of an eleven-count indictment: (1) conspiring to manufacture and distribute thirty-five pounds of 4–methylenedioxymethamphetamine ("MDMA" or "Ecstasy"), in violation of 21 U.S.C. § 846; (2) employing a minor, Anya Sheckley, in the manufacture and distribution of MDMA, in violation of 21 U.S.C. § 861; and (3) using or carrying a firearm in connection with these drug-related convictions, in violation of 18 U.S.C. § 924(c).

At sentencing, the district court (Gagliardi, *J.*) grouped Triestman's two drug conspiracy counts and calculated his combined offense level to be 29 under §§ 2D1.1, 2D1.2(a)(2) of the Guidelines. The court adjusted this level downward by 3 points based on Triestman's acceptance of responsibility, under U.S.S.G. § 3E1.1. Ordinarily, the court would have been required to increase Triestman's offense level by 2 points for his possession of a firearm. *See* U.S.S.G. § 2D1.1(b)(1). Because Triestman was also being sentenced for a § 924(c) violation, however, the court was precluded from doing so. *See* U.S.S.G. § 2K2.4, Application Note 2 (prohibiting the ordinary 2–level enhancement for possession of a firearm when defendant is separately convicted of using or carrying firearm in violation of § 924(c)). The court thus assigned Triestman a total offense level of 26 for his drug convictions, which resulted in a Guideline range of 63 to 78 months, and sentenced him to consecutive terms of 63 months, for his drug convictions, and 60 months, for violating § 924(c).

Triestman appealed his conviction, and this court summarily affirmed in *United States v. Triestman*, 996 F.2d 302 (2d Cir. 1993) (Table). On May 9, 1994, Triestman filed a *pro se* petition seeking collateral relief pursuant to 28 U.S.C. § 2255. The district court denied the motion, and this court summarily affirmed. *See Triestman v. United States*, 60 F.3d 812 (2d Cir.1995) (Table). In both proceedings, Triestman claimed that his possession of a pistol to protect himself in connection with his drug manufacturing did not constitute "use" under § 924(c).

---

* The Honorable Leonard B. Sand, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

Soon thereafter, the Supreme Court decided *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and held that a defendant cannot be convicted of "using" a firearm under § 924(c) unless he "active[ly] employ[s]" the weapon, such as by "brandishing, displaying, bartering, striking with [or] most obviously, firing or attempting to fire [it]." *Id.* at 143, 148, 116 S.Ct. 501. The Court thereby overruled the broader test for "use" that this court had relied on in rejecting both Triestman's direct appeal and his § 2255 petition. *See, e.g., United States v. Feliz–Cordero*, 859 F.2d 250, 254 (2d Cir. 1988) (holding, pre-*Bailey*, that defendants could be found guilty of "using" a firearm under § 924(c) whenever "the circumstances surrounding the presence of a firearm in a place where drug transactions take place suggest that it was strategically located so as to be quickly and easily available for use during such a transaction").

On May 3, 1996, Triestman filed another § 2255 petition in the district court challenging his § 924(c) conviction in light of *Bailey*. Triestman subsequently moved this Court to certify that this successive § 2255 petition was permissible. We denied the motion, however, because Triestman's argument relied neither on newly discovered evidence nor on a new rule of constitutional law, as is required for certification of a successive § 2255 petition.[1] *See Triestman v. United States*, 124 F.3d 361 (2d Cir.1997).

In our decision, we nevertheless noted that before the procedural bars against successive § 2255 petitions were codified by the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), a petitioner was entitled to bring a successive § 2255 petition in light of an intervening change in substantive non-constitutional law, so long as the change applied retroactively and the petition alleged actual innocence in light of this change. *See Triestman*, 124 F.3d at 367–71. We also noted that serious due process and Eighth Amendment questions might arise if § 2255 were the only means available for Triestman to attack his sentence. We therefore held that Triestman could pursue his *Bailey* challenge pursuant to a § 2241 petition in these highly unusual circumstances. *Id.* at 380.

Triestman subsequently brought a § 2241 petition in the district court (Scullin, *J.*) to challenge his § 924(c) conviction. The district court held that under *Bailey*, the facts elicited at Triestman's plea allocution were indeed insufficient to sustain a conviction for using a firearm in violation of § 924(c), and the court vacated Triestman's § 924(c) conviction. *See Triestman v. Keller*, No. 97–CV–1460 (FJS), 1998 WL 52026, at *3 (N.D.N.Y. Feb. 2, 1998). The court also determined, however, that it had the authority to resentence Triestman on his unchallenged drug convictions. In reaching this conclusion, the court reasoned that "the Court's power to fashion appropriate relief is no narrower under § 2241 than it is under § 2255," and that "federal courts have broad discretion under the original habeas corpus statute to fashion appropriate relief 'as law and justice require.'" *Id.* at *2. The court also rejected Triestman's argument that the court would place him in double jeopardy by resentencing him on these convictions. The court reasoned that Triestman's sentences were part of an interdependent "sentencing package," and that when "a

---

**1.** Section 2255 states that:
[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

petitioner is challenging one charge of an interrelated sentencing package, he or she can have no expectation of finality in only a portion of [that] package." *Id.* at *6.

On February 26, 1998, the district court held a hearing to resentence Triestman on his drug convictions. At the hearing, the court relied in part on Triestman's original presentence investigation report ("PSR"), which was then approximately five years old, and in part on testimony and evidence elicited at the hearing concerning Triestman's prison activities and intentions upon release. In recalculating Triestman's total offense level for his drug offenses, the court used the same reasoning that was used in the original calculation, with one deviation: the court added 2 points to account for Triestman's possession of a firearm. With a new total offense level of 28, and a sentencing range of 78 to 97 months of incarceration, the court resentenced Triestman to 85 months of imprisonment, to be followed by six years of supervised release. Triestman's overall prison term was thus reduced by 38 months, although his sentence on his drug-related convictions was extended by 22.

On appeal, Triestman argues that (1) 18 U.S.C. § 3582(c) prohibited the district court from resentencing him on his unchallenged drug convictions; (2) the resentencing placed him in double jeopardy in violation of the Fifth Amendment to the United States Constitution; (3) the district court violated Rule 32(b) of the Federal Rules of Criminal Procedure by relying on a five-year-old PSR at his resentencing; and (4)

newly discovered evidence entitles him to a new hearing on his claim that the government coerced his guilty plea by making false representations.

## DISCUSSION

### I. Resentencing Authority

■ Triestman argues that the district court lacked the power to resentence him on his unchallenged drug convictions in connection with his successful § 2241 motion. In support of this argument, he invokes 18 U.S.C. § 3582(c)(1)(B), which authorizes courts to resentence defendants when, *inter alia*, "expressly permitted by statute."[2] He contends that neither § 2241 nor any related provision includes such an express authorization.

In support of his argument, Triestman relies heavily on a contrast between the statutory language governing remedies in § 2255 and § 2241 motions. Triestman concedes that courts have express authority to modify terms of imprisonment under § 2255, but notes that this power derives from the language of § 2255 itself, which states:

> If the court finds [on a § 2255 motion] that ... the sentence imposed was not authorized by law or otherwise open to collateral attack ... the court shall vacate and set the judgment aside and shall discharge the prisoner *or resentence him* or grant a new trial *or correct the sentence* as may appear appropriate.

2. Section 3582(c)(1)(B) allows for sentence modifications when "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Both parties agree, however, that Rule 35 is inapplicable to this case. Section 3582(c) also permits courts to modify terms of imprisonment in two other circumstances, neither of which is applicable to this case: (1) in "the unusual case in which the defendant's circumstances are so changed, such as by terminal illness [or reaching the age of 70 after having served at least 30 years in prison], that it would be inequitable to continue the confinement of the prisoner," S.Rep. No. 98–225 (1984), *reprint-*ed *in* 1984 U.S.C.C.A.N. 3182, 3304; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) & (ii), so long as "a reduction [in the sentence] is [also] consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A); and (2) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*) ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2).

(Emphases added); *see also Gordils,* 117 F.3d at 104 (reading § 2255 as expressly permitting modification of sentences under § 3582(c)). The remedies available in § 2241 motions are, by contrast, governed by § 2243, which states only that courts "entertaining an application for a writ of habeas corpus" shall "summarily hear and determine the facts and *dispose of the matter as law and justice require."* (Emphasis added.) Triestman contends that because § 2243 does not explicitly authorize courts to "modify" or "correct" a sentence, or to "resentence" a defendant, it does not "expressly permit[ ]" courts to modify a term of imprisonment, as is required by § 3582(c)(1)(B). We disagree.

█ Triestman's argument would prove too much. A very common reason for bringing habeas petitions has been to challenge a federal court's imposition of sentences that violate the Constitution or federal law. Courts hearing § 2241 motions have traditionally had the power to vacate or reduce such sentences when necessary to cure these kinds of defects. *See, e.g., Holiday v. Johnston,* 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941) ("His [habeas] remedy is to apply for vacation of the sentence and a resentence in conformity to the statute under which he was adjudged guilty."). If, however, § 3582(c)(1)(B) were read as Triestman proposes, then that statute, which was passed in 1984, would effectively repeal the courts' power even to reduce challenged sentences in § 2241 motions. Such a reading would conflict with well-settled canons of statutory interpretation, which counsel against findings of implicit repeal in the habeas context. *See, e.g., Felker v. Turpin,* 518 U.S. 651, 659–61, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (noting, in the habeas context, that "[r]epeals by implication are not favored"); *Jean–Baptiste v. Reno,* 144 F.3d 212, 219 (2d Cir.1998) (noting that "repeal by implication of the right to petition for habeas corpus relief is disfavored").

There is, moreover, a less problematic way to read § 3582(c)(1)(B). Rather than mandating the use of explicit terms like "resentencing" or "correction of a sentence" before a term of imprisonment can be modified, § 3582(c)(1)(B) might be read as requiring only that a statute contain an express grant of remedial power, and that this power be broad enough to permit the resentencing in question. Section 3582(c)(1)(B) would then be read not as repealing any pre-existing statutory grants of power, but as prohibiting courts from resentencing prisoners without such a grant. The legislative history of § 3582 contains only one reference to § 3582(c)(1)(B), but this reference is illuminating. After describing § 3582 as allowing for three "safety valves" in which sentence modifications are permitted, the Senate Report on the Crime Control Act of 1984 explains that "[s]ubsection (c)(1)(B) simply *notes* the authority to modify a sentence *if modification is permitted by statute."* S.Rep. No. 98–225 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3304 (emphases added). Read in light of the canon of construction that disfavors findings of implicit repeal in the habeas context, this history suggests that § 3582(c)(1)(B) was intended to recognize and preserve pre-existing statutory grants of remedial power in the habeas context rather than to repeal or limit them. We therefore adopt this latter reading.

Because § 2243's authorization to "dispose of the matter as law and justice require" is broad enough to allow for resentencing in some circumstances—*i.e.,* such as when necessary to cure a constitutional defect—we read § 2243 as containing an express grant of statutory power under § 3582(c)(1)(B) to resentence in those circumstances. The more precise question in this case is whether this power allowed the district court to resentence Triestman on his unchallenged drug convictions after he successfully challenged his related § 924(c) conviction.

In *United States v. Gordils*, 117 F.3d 99 (2d Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 430, 139 L.Ed.2d 330 (1997), we recently answered an analogous question in the § 2255 context in the affirmative. In *Gordils,* much as in this case, a defendant was convicted of multiple drug trafficking offenses, and of using or carrying a firearm, in violation of § 924(c). *See id.* at 100. He was then sentenced to two consecutive sentences, one for his drug-related violations and one for his § 924(c) violation. When calculating the total offense level for the drug trafficking counts, the sentencing court did not add any points for possession of a firearm because this conduct was punished separately by means of the § 924(c) conviction. Because the defendant had only possessed, and had not actively employed, the firearm in question, he was able to bring a successful § 2255 challenge to his § 924(c) conviction after the Supreme Court rendered its decision in *Bailey. See id.* at 101.

The district court vacated Gordils's § 924(c) conviction, but, much as in this case, resentenced him on his drug trafficking offense and added 2 points under U.S.S.G. § 2D1.1(b)(1) for the firearm possession. Gordils appealed, arguing that under § 3582(c), the court lacked the power to resentence him on this unchallenged conviction because § 2255 only expressly permits resentencing in the context of a challenged conviction. *Id.* We rejected Gordils's argument, noting that

> at least in the context of a "truly interdependent" sentence such as where a mandatory consecutive sentence affects the applicable offense level [on an unchallenged but related sentence] under the guidelines—the language of § 2255 provides sufficient statutory authority for a district court to exercise its jurisdiction to resentence defendants "as may appear appropriate."

*Id.* at 104. We then held, more precisely, that it is appropriate for a court "to resentence a defendant on an underlying, unchallenged drug trafficking conviction

where, pursuant to *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the defendant has successfully challenged a related firearm conviction in a 28 U.S.C. § 2255 petition." *Id.* at 100, 104.

Other than the particular habeas statutes under which Gordils and Triestman proceeded, we find no meaningful difference between these cases that would affect the courts' respective resentencing powers. We also see no reason to view a court's remedial powers more narrowly in a § 2241 motion than in a § 2255 motion. *See, e.g., Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977) ("We have ... construed the remedy created by 28 U.S.C. § 2255 as the exact equivalent of the pre-existing [§ 2241] habeas corpus remedy."). We therefore hold that the district court had the authority under § 2243 to dispose of the matter as law and justice require, and that this authority included the power to resentence Triestman to the overall term that he would have received on his interdependent sentencing package absent his unlawful § 924(c) conviction.

## II. Double Jeopardy

Triestman argues that even if the district court had the statutory power to resentence him, its exercise of that power violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Double Jeopardy Clause generally prohibits courts from enhancing a defendant's sentence once the defendant has developed a legitimate "expectation of finality in the original sentence." *United States v. DiFrancesco,* 449 U.S. 117, 139, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). Triestman argues that when he was resentenced, he had already developed a legitimate expectation that his drug sentence was final. He points out that his guilty plea was, for example, dependent on his understanding, derived both from his plea agreement and from the district court's assurances at his plea allocution,

that his drug convictions would yield a total offense level of 26 rather than 28. Triestman also points out that when he was resentenced, he had already served 70 months in prison and had thus completed the 63–month sentence originally imposed for his drug convictions.

In *United States v. Mata,* 133 F.3d 200, 202 (2d Cir.1998) (per curiam), we rejected an analogous double jeopardy challenge. In *Mata,* much as in this case, the defendant had been sentenced to two consecutive terms, one for a drug trafficking conviction and one for a § 924(c) conviction. After the defendant successfully challenged his § 924(c) conviction under *Bailey,* the district court resentenced him and added a 2–level enhancement to his underlying drug conviction. The defendant appealed the resentencing, arguing that it violated his rights under the Double Jeopardy Clause. We rejected this argument, however, explaining that because the defendant's two sentences were part of an interdependent sentencing package, "once [the defendant] challenged the firearm conviction he could not reasonably have expected that he would not be subject to a two-level enhancement under the narcotics trafficking conviction." *Id.* We stated that

> the legal interdependence of sentences under the [G]uidelines permits a court to reconsider related sentences in the context of a collateral attack. When a defendant elects to challenge one part of a sentencing "package" whose constituent parts are "truly interdependent," review of the entire sentencing package does not constitute a double jeopardy violation. . . . Far from violating the Double Jeopardy Clause, the resentencing by the district court did nothing more than put [Mata] in the same position [he] would have occupied had [he] not been convicted under [section] 924(c) in the first place.

*Id.* (internal quotation marks and citations omitted) (alterations in original); *see also McClain v. United States,* 676 F.2d 915 (2d Cir.1982) (holding that two-level en-

hancement on unchallenged drug convictions, after successful challenge to § 924(c) conviction under § 2255, does not violate double jeopardy) (cited with approval in *Gordils,* 117 F.3d at 103–04).

*Mata* controls the outcome in this case. Although Triestman may have pled guilty to his drug charges in reliance on statements in his plea agreement and by the district court indicating that his total offense level for these convictions would be 26, these statements were made in the context of a larger interdependent sentencing package, which included sentences not only for the drug-related offenses but also for a § 924(c) conviction. The total offense level of 26 was, moreover, calculated in a straightforward manner under the Guidelines and was 2 points lower than it would have been absent Triestman's § 924(c) conviction. Although Triestman had finished serving his original 63–month sentence for his drug convictions at the time of his resentencing, this fact is of little consequence because Triestman was still serving the overall term on his larger sentencing package. *See, e.g., United States v. Rico,* 902 F.2d 1065, 1068–69 (2d Cir.1990) (holding that district court could correct sentence to conform to plea agreement without violating the Double Jeopardy Clause, even though defendant had already been released from prison, because defendant was still serving five-year term of supervised release) (codified, with some modifications, at Fed.R.Crim.P. 35(c), *see* Advisory Committee Notes to 1991 Amendment to Rule 35(c)); *United States v. Smith,* 115 F.3d 241, 247, 248 (4th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 315, 139 L.Ed.2d 244 (1997) (holding that court can resentence defendant on one part of sentencing package after original term has been served so long as defendant has not yet finished serving entire sentence on all parts of sentencing package); *see also United States v. Alton,* 120 F.3d 114, 116 (8th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 433, 139 L.Ed.2d 332 (1997) (same); *United States v. Benbrook,* 119 F.3d 338, 340–41 (5th Cir.1997) (holding that defen-

dant who challenges § 924(c) conviction has no legitimate expectation of finality in other portions of original sentencing package, even if he has already served term of imprisonment associated with some of those other parts). Thus, in this case, much as in *Mata*, the district court did nothing more than place Triestman "in the same position [he] would have occupied had [he] not been convicted under [section] 924(c) in the first place." *See Mata*, 133 F.3d at 202 (alterations in original). The district court significantly reduced Triestman's overall term of imprisonment, and Triestman could not legitimately have expected a better result.[3] We therefore reject his double jeopardy argument.[4]

## III. Evidence Relied on at Resentencing

■ Triestman argues that the district court violated Rule 32(b) of the Federal Rules of Criminal Procedure by resentencing him without an updated PSR. Rule 32(b) provides:

### Presentence Investigation and Report

(1) **When Made.** The probation officer must make a presentence investigation and submit a report to the court before the sentence is imposed, unless:

(A) the court finds that the information in the record enables it to exercise its sentencing authority meaningfully under 18 U.S.C. § 3553; and

(B) the court explains this finding on the record.

Triestman argues that the district court violated this rule by resentencing him in

---

**3.** In an attempt to avoid the reach of *Mata*, Triestman relies on *Stewart v. Scully*, 925 F.2d 58 (2d Cir.1991), a case in which the state trial court, at resentencing, increased the maximum term of Stewart's indeterminate sentence from 20 to 24 months after Stewart prevailed on a challenge to the minimum portion of his sentence. In deciding his § 2254 habeas appeal, we noted that before the defendant entered his initial guilty plea, the trial court provided him with specific assurances that his maximum term would be somewhere between 10 and 20 years, and that his plea agreement indicated the same. We also pointed out that at the time of resentencing, the defendant had already served 3 years of his term with this understanding. Finally, we noted that the "maximum period of imprisonment ha[d] real impact [on the defendant]; his entitlement to conditional release mature[d] upon serving two-thirds of his maximum term in 'good behavior,' and he would ordinarily remain under post-release parole supervision until the expiration of the maximum term." *Id.* at 64 (internal citations omitted). We concluded from these facts that Stewart had formed a "legitimate expectation that his maximum term had been finally determined" by the time of his resentencing and that accordingly, he was placed in double jeopardy when he was resentenced. *Id.* at 64. *Stewart* did not, however, involve recalculation of one part of an interdependent sentencing package, after another part had been successfully challenged, thus resulting in a lesser maximum overall sentence than was originally imposed. For the reasons discussed in the main text, Triestman, unlike Stewart, could

have expected a 2 point increase in the context of his particular habeas challenge. *Mata*, rather than *Stewart*, is thus the controlling precedent in this case.

**4.** For these reasons, we also reject the suggestion that *Miller v. United States*, 147 F.2d 372 (2d Cir.1945), controls this case. In *Miller*, a defendant was convicted of two counts of bank robbery and given consecutive sentences on each. This sentencing was erroneous, however, because one crime was a lesser included offense of the other. When the defendant challenged this error, rather than vacating one sentence and resentencing on the other, we held that relevant precedent left "no doubt that appellant may not be resentenced, but that the judgment must be reversed and the cause remanded with directions to vacate the sentence imposed on one of the counts, leaving the other standing." *Id.* at 374. We explained more recently, however, that *Miller* "was based upon the then generally accepted rule that a valid sentence could not be set aside and a new sentence of greater severity imposed after the expiration of the term." *McClain v. United States*, 643 F.2d 911, 913 (2d Cir.1981). That rule, we explained, derived from a conception of double jeopardy that was thereafter called into question by the Supreme Court in *DiFrancesco*, 449 U.S. at 128–29, 101 S.Ct. 426. Because the Supreme Court has rejected the reasoning that underlies *Miller*, *Miller* no longer controls the outcome of this case.

reliance on his original PSR, which was more than five years old at the time of his resentencing.

■ " 'Generally, issues not raised in the trial court, including sentencing issues, will be deemed waived on appeal in the absence of plain errors or defects affecting substantial rights.' " *United States v. Margiotti*, 85 F.3d 100, 104 (2d Cir.1996) (per curiam) (quoting *United States v. Liebman*, 40 F.3d 544, 551(2d Cir.1994)). In order to preserve a sentencing issue for appeal, a defendant must either object to the PSR or raise the objection at the time of sentencing. *See United States v. Altman*, 901 F.2d 1161, 1165 (2d Cir.1990). Triestman, however, failed to object to the district court's reliance on his original PSR, either at his resentencing hearing or at any other time before this appeal.

In any event, we find no error—let alone plain error—in the district court's use of Triestman's original PSR. *See United States v. Yu–Leung*, 51 F.3d 1116, 1121 (2d Cir.1995) ("[T]he error must be so plain [that] the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." (internal quotation marks omitted) (alteration in original)). Although Rule 32(b) generally requires an initial PSR before sentencing, we have recently held that this rule does "not [similarly] mandate that the district court in all circumstances require an updated PSR in the event of *resentencing*." *United States v. Conhaim*, 160 F.3d 893, 896 (2d Cir.1998). When, for example, a court holds a resentencing hearing at which the parties are given a full opportunity to be heard and to supplement the PSR as needed, courts need not order or rely on an updated PSR. *Id.*

■ In the present case, the district court held a hearing on February 26, 1998 to address outstanding resentencing issues. At the hearing, Triestman's attorney indicated that Triestman had not been involved in any difficulties or infractions during his incarceration and that he had been given "out custody" status, which permitted him to work outside the prison unsupervised. Triestman also testified that he had taught several classes in prison, that he had attended a 40–hour drug treatment course, and that he intended upon release to avoid all contact with drugs and to seek work in contracting, technical writing and computers. The court concluded from this evidence, as well as from a record of some of Triestman's activities in prison provided by the government,[5] that Triestman had "been a good prisoner with a couple minor infractions." Under these circumstances, Triestman had an adequate opportunity to be heard and to supplement his PSR as needed before his resentencing. We therefore reject Triestman's argument that the district court violated Rule 32(b) by failing to order an updated PSR.

## IV. New Evidence of Coercion

■ For the first time on appeal, Triestman argues that he should be granted a new hearing on whether his original guilty plea was coerced. In support of this argument, Triestman cites newly discovered evidence that he believes would justify relitigation of this claim. *See, e.g., United States v. Salerno*, 932 F.2d 117, 121 (2d Cir.1991) (noting exception to law of the case doctrine in circumstances where significant evidence is newly discovered). This last issue has been waived, however, because Triestman failed to raise it in the district court, and we decline to consider it

---

5. Triestman argues that the district court erred by relying on this record because the record had not been disclosed to him. Triestman, however, failed to object to the court's reliance on this evidence at the hearing, and he thereby waived this claim. *See Yu–Leung*, 51 F.3d at 1120–21 (citing Fed.R.Evid.

103(a)(1)). It appears from the record, moreover, that the court used the document primarily to validate the Triestman's own testimony, and that the court's conclusions were consistent with that testimony. Any error the court may have made in relying on this document was therefore harmless.

on appeal. *See Greene v. United States,* 13 F.3d 577, 586 (2d Cir.1994).

## CONCLUSION

For the reasons discussed, we hold that the district court had the authority under § 2243 to resentence Triestman on his unchallenged drug convictions and to impose the overall prison term that he would have received absent his unlawful § 924(c) conviction. We also hold that the district court did not place Triestman in double jeopardy by resentencing him in this manner, even though he had already served his original prison sentence on his drug convictions. In addition, we find that Triestman waived his Rule 32(b) claim, and that in any case, the district court properly resentenced Triestman on the basis of his original PSR and the evidence presented during Triestman's resentencing hearing. Finally, we reject Triestman's argument that he is entitled to a hearing on his coercion claim because this argument was not raised below. For all of these reasons, we affirm the district court's judgment in its entirety.