**Sergio ARROYO, Petitioner–Appellant,**

v.

**Daniel A. SENKOWSKI, Superintendent, Clinton Correctional Facility, Respondent–Appellee.**

**Docket No. 01–2260.**

United States Court of Appeals, Second Circuit.

April 1, 2002.

Alan S. Axelrod, Esq.; Rosali Vazquez, on the brief, Legal Aid Society, New York, NY, for Appellant.

Vered Adoni, Assistant District Attorney; Richard A. Brown, District Attorney for Queens County, John M. Castellano, Assistant District Attorney, Kew Gardens, NY, for Appellee.

Present WALKER, Chief Judge, SACK and Hon. B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Defendant-petitioner Sergio Arroyo appeals from the April 17, 2001 judgment of the district court denying his petition for habeas corpus made pursuant to 28 U.S.C. § 2254. Arroyo was convicted after a jury trial in state court of three counts of criminal sale of a controlled substance in the first degree, in violation of N.Y. Penal Law § 220.43(1), and criminal possession of a controlled substance in the third degree, in violation of N.Y. Penal Law § 220.16(1). He was sentenced to indeterminate concurrent terms of imprisonment of twenty-five years to life, twenty years to life, fifteen years to life, and five to fifteen years for each of his respective counts.

The only ground upon which petitioner challenges his conviction is the closure of the courtroom during the testimony of one of the government's witnesses, a backup undercover officer designated # 25569 ("UC 25569"), who described two of the three transactions that led to Arroyo's arrest. Another undercover officer ("UC 10553") was the primary officer in the operation and conducted all three transactions upon which petitioner's conviction is based. UC 25569's role during the transactions was limited to tasting the drugs at UC 10553's direction; carrying the drugs

to the car and getting the money from the car at UC 10553's instruction; overhearing an incriminating statement about appellant; signaling the backup team to move in for the arrest; and identifying petitioner after his arrest. Each of the transactions was monitored and/or recorded by other field officers by use of video or audio equipment.

The State moved for the closure of the courtroom during UC 25569's testimony. At the closure hearing, the officer testified that he planned to return to undercover work in the Queens Narcotics Division after his recovery from a knee surgery. He stated that he had eleven pending cases in which the target had been arrested but had not yet pled or been tried; twenty to thirty buys for which the targets had not been arrested; and about one to two cases in which he was trying to instigate a buy operation. When asked about his fear of testifying in an open courtroom, the officer replied "[b]ecause my safety might be in danger" without further elaboration. Although the trial court closed the courtroom, it did not articulate any findings on the record. A transcript of UC 25569's testimony was made available to the public and UC 10553 and other field team members testified in open court. The tapes of two of the drug transactions were also played in open court.

Under the familiar *Waller* test, a courtroom closure is justified only if the following four requirements are met: (1) the proponent of closure advances an "overriding interest" likely to be prejudiced; (2) the closure is no broader than necessary; (3) the trial court considers reasonable alternatives to closure; and (4) the trial court makes findings adequate to support closure. *See Waller v. Georgia,* 467 U.S. 39, 48, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). Appellant challenges the closure because, *inter alia,* (1) the officer's testi-

mony did not establish an adequate basis for closure due to his safety concerns and thus failed to satisfy the first *Waller* requirement and (2) the state court failed to make findings on the record to support the closure and thus did not satisfy the fourth *Waller* requirement.

We review a district court's decision to deny a habeas petition *de novo. See Bobb v. Senkowski,* 196 F.3d 350, 352 (2d Cir. 1999) (per curiam). The state court's determination will not be disturbed unless it is contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

■ The extent of the closure permitted depends on the gravity of the interest that must be asserted and the degree of risk of that interest being prejudiced. *See Ayala v. Speckard,* 131 F.3d 62, 70 (2d Cir.1997) (en banc); *United States v. Doe,* 63 F.3d 121, 129 (2d Cir.1995). Where the closure is limited and the witness's testimony is merely corroborative, the State's burden is "not a heavy one." *Brown v. Kuhlmann,* 142 F.3d 529, 538 (2d Cir.1998). In justifying a courtroom closure in a case similar to this one, we have stated it is "sufficient for the state court to have before it testimony that the officer continued to work as an undercover officer ..., that there were several 'lost subjects' still at large from his recent investigations, and that he feared for his safety if he were to testify in public." *Bobb,* 196 F.3d at 354; *see also Bowden v. Keane,* 237 F.3d 125, 130 (2d Cir. 2001) (stating that justifying fear in "rough terms" is sufficient to satisfy the first *Waller* requirement). As noted above, UC 25569 testified to each of these factors at the closure hearing.

We reject petitioner's argument that this case is distinguishable from *Bobb* because UC 25569 was an "integral" member of the team, participated in two of the

transactions, and handled the drugs and money at the direction of the primary officer. The officer in *Bobb* testified to three out of seven transactions, *see Bobb,* 196 F.3d at 353, and we do not find that UC 25569 testified to any relevant facts that were not also established by the audiotapes played in open court or the testimony of the other officers. Thus his testimony, like the testimony of the officer in *Bobb,* was merely corroborative. Therefore, we affirm the district court's finding that the closure of the court was not an "objectively unreasonable" application of the first *Waller* requirement. *See Francis v. Stone,* 221 F.3d 100, 109 (2d Cir.2000).

■ Finally, we note that the trial court did not comply with the clear requirement of the fourth *Waller* factor by failing to state on the record its findings that supported the courtroom closure. However, appellant did not raise this objection below in the district court and therefore has forfeited this issue on appeal. *See United States v. Triestman,* 178 F.3d 624, 632–33 (2d Cir.1999).

We have carefully considered Arroyo's remaining arguments regarding the other elements of the *Waller* test and find them to lack merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.