19-3622
United States v. Pizzuti

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand twenty-one.

PRESENT:
        JOHN M. WALKER, JR.,
        ROBERT D. SACK,
        STEVEN J. MENASHI,
                *Circuit Judges.*

_____

United States of America,

                *Appellee*,

        v.                                                     19-3622

Michael Pizzuti,

                *Defendant-Appellant*,

Angelo Dipietro, Angelo Capalbo, Maurizio
Sanginiti, Harold Bringman, Nicola
Murdocca, AKA Nick, Joseph Genua,

                *Defendants.*<sup>*</sup>

_____

* The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLEE:                                                     Benjamin Woodside Schrier,
                                                                  Karl Metzner, Won S. Shin,
                                                                  Assistant United States
                                                                  Attorneys, *for* Audrey
                                                                  Strauss, United States
                                                                  Attorney for the Southern
                                                                  District of New York, New
                                                                  York, NY.

FOR DEFENDANT-APPELLANT:                                          Michael Pizzuti, pro se,
                                                                  Tuckahoe, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2005, Michael Pizzuti was convicted of attempted extortion, extortion conspiracy, and obstruction of justice, as well as brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). He was sentenced to a total of 219 months' imprisonment, comprised of a 135-month term on the first three counts and an 84-month consecutive term on the § 924(c) count.

In 2019, the Government consented to vacatur of the § 924(c) count in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and the district court resentenced Pizzuti to an aggregate term of 210 months' imprisonment on the remaining counts. This increase for the term on these counts occurred because, when Pizzuti was originally sentenced, the court did not include a five-level enhancement for Pizzuti's brandishing of a firearm because that conduct was the basis of his § 924(c) conviction. *See* U.S.S.G. § 2K2.4 application note 4. Once that conviction was vacated, however, the enhancement was included, increasing the recommend guidelines sentence for the non-§ 924(c) convictions. As the Supreme Court has recognized, this process occurs with some

regularity after a defendant has a § 924(c) conviction vacated. *Davis*, 139 S. Ct. at 2336 ("[W]hen a defendant's § 924(c) conviction is invalidated, courts of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted.") (internal quotation marks omitted).

Pizzuti was represented by counsel at his resentencing and now appeals pro se from the district court's amended judgment. In this appeal, Pizzuti argues that he received ineffective assistance of counsel at his resentencing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. DeLaura*, 858 F.3d 738, 743 (2d Cir. 2017). The Supreme Court has explained that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" because the trial record is "often incomplete or inadequate" with regard to such claims. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003). This guidance does not apply, however, to cases in which "the defendant ... argues no ground of ineffectiveness that is not fully developed in the trial record." *United States v. Williams*, 205 F.3d 23, 35 (2d Cir. 2000). Accordingly, we have decided ineffective assistance claims on direct appeal "when their resolution is beyond any doubt" or when it "would be in the interest of justice" to do so. *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003) (internal quotation marks omitted).

Such is the case here. Pizzuti argues that his counsel's performance was deficient because she failed to advance two legal arguments that the district court lacked constitutional authority to resentence him on the remaining counts after his § 924(c) conviction was vacated. This claim does not depend on any facts outside the trial record and its resolution is beyond any doubt.

The primary argument Pizzuti claims his counsel should have pursued is this: The Double Jeopardy Clause "protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). When it comes to revising a sentence imposed for specific crimes, this protection "prohibits alterations to sentences carrying a *legitimate expectation of finality*." *United States v. Kyles*, 601 F.3d 78, 84 (2d Cir. 2010) (emphasis added); *see United States v. DiFrancesco*, 449 U.S. 117, 137 (1980) (holding that a sentence may be altered if the defendant's "legitimate expectations are not defeated"). Pizzuti says that he had a legitimate expectation of finality regarding his sentence on the three non-§ 924(c) counts when that sentence expired in 2015. Therefore, it violates the Double Jeopardy Clause to resentence him to an increased term on those counts.

This argument is foreclosed by our precedents. We have explained that "[w]hen a defendant elects to challenge one part of a sentencing package whose constituent parts are truly interdependent, review of the entire sentencing package does not constitute a double jeopardy violation." *United States v. Mata*, 133 F.3d 200, 202 (2d Cir. 1998) (internal quotation marks omitted). And "the Guidelines provision allowing either an ... enhancement on a ... conviction or a mandatory ... sentence under section 924(c)—but never both—renders [a defendant's] sentence truly interdependent." *Id.* Therefore, "there is no double jeopardy violation when vacatur of a section 924(c) conviction leads to resentencing on an interdependent sentence," even if it involves

4

an increased term of imprisonment. *Id.* This rule still applies when a defendant, such as Pizzuti, "had finished serving his original ... sentence for his [related non-§ 924(c)] convictions at the time of his resentencing" so long as the defendant "was still serving the overall term on his larger sentencing package," as Pizzuti was here. *United States v. Triestman*, 178 F.3d 624, 631 (2d Cir. 1999).

Pizzuti contends that his lawyer should have advanced a similar argument that the district court lacked jurisdiction to resentence him. Again, we have held that "in the context of a truly interdependent sentence such as where a mandatory consecutive sentence affects the applicable offense level under the guidelines," the "language of [28 U.S.C.] § 2255 provides sufficient statutory authority for a district court to exercise its jurisdiction to resentence defendants as may appear appropriate." *United States v. Gordils*, 117 F.3d 99, 104 (2d Cir. 1997) (internal quotation marks omitted).

For these reasons, Pizzuti cannot demonstrate, as he must, "that 'in light of all the circumstances,' the acts or omissions of [his] counsel 'were outside the wide range of professionally competent assistance,' and ... that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Nolan*, 956 F.3d 71, 79 (2d Cir 2020) (quoting *Strickland v. Washington*, 466 U.S. 668, 690, 694 (1984)). Given our precedents, the arguments that Pizzuti claims his counsel should have raised about double jeopardy and jurisdiction would have failed. Therefore, his counsel's decision not to present these arguments did not amount to incompetence and there is no reasonable probability that the outcome of his case would have been different had his counsel done as he

5

suggests. *See United States v. Regalado*, 518 F.3d 143, 149 n.3 (2d Cir. 2008) ("[F]ailure to make a meritless argument does not amount to ineffective assistance.").

We have considered all of Pizzuti's remaining arguments, which are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6