19-3667-cr
*United States v. Cain*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand twenty-one.

PRESENT:     JOSÉ A. CABRANES,
             REENA RAGGI,
             RICHARD J. SULLIVAN,
                      *Circuit Judges,*

---

UNITED STATES OF AMERICA,

                *Appellee,*                      19-3667-cr

                v.

BOBBY CAIN AKA BOBBY KING AKA DERRICK ADDISON,

                *Defendant,*

ROBERT CAIN AKA BO CAIN AKA DERRICK ADDISON,

                *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**    Jonathan I. Edelstein, Edelstein & Grossman, New York, NY.

**FOR APPELLEE:**    Jarrod L. Schaeffer and Anna M. Skotko, Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney, Southern District of New York, New York, NY.

Appeal from a judgment entered October 31, 2019 by the United States District Court for the Southern District of New York (Colleen McMahon, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Robert Cain appeals from an amended judgment of conviction, in which he was resentenced principally to 120 months of imprisonment for conspiracy to commit Hobbs Act robbery. He primarily challenges his amended sentence under the Double Jeopardy Clause. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as is necessary to explain our decision.

### Procedural history

In 2014, Cain pleaded guilty to conspiring to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One), as well as using and brandishing a firearm during and in the course of the robbery conspiracy, and with aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Count Two).

In 2015, the District Court sentenced Cain to a total of 123 months of imprisonment: for Count One, a 63-month term and three years of supervised release; and for Count Two, a mandatory consecutive 60-month term and five years of supervised release.

On October 21, 2019, the District Court vacated Cain's conviction on Count Two in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). It then resentenced Cain on Count One, increasing his term of imprisonment for that count to 120 months. Cain timely appealed.

*Double Jeopardy Clause*

On appeal, Cain challenges his resentencing for Count One as a violation of the Double Jeopardy Clause. The Double Jeopardy Clause "protects against multiple punishments for the same offense."[1] When it comes to revising a sentence imposed for specific crimes, this protection "prohibits alterations to sentences carrying a legitimate expectation of finality."[2] Because Cain did not object on this ground at resentencing, we review his double jeopardy claim for plain error.[3] "Plain error is: (i) error, that is (ii) plain, and (iii) affects substantial rights."[4] "Where these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."[5]

Cain argues that the District Court violated the Double Jeopardy Clause when it increased Cain's term of imprisonment for Count One from 63 months to 120 months. We disagree. We have explained that "[w]hen a defendant elects to challenge one part of a sentencing package whose constituent parts are truly interdependent, review of the entire sentencing package does not constitute a double jeopardy violation."[6] We have specifically held that "when vacatur of a section 924(c) conviction leads to resentencing on an interdependent sentence," there is no double jeopardy violation even if it involves an increased term of imprisonment.[7]

---

[1] *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

[2] *United States v. Kyles*, 601 F.3d 78, 84 (2d Cir. 2010); *see also United States v. Triestman*, 178 F.3d 624, 630 (2d Cir. 1999).

[3] *See Puckett v. United States*, 556 U.S. 129, 134–35 (2009). The government submits Cain's double jeopardy claim is waived, but the record does not suggest that Cain's counsel intentionally refrained from making this claim below. *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks omitted). We construe Cain's claim under the Double Jeopardy Clause as forfeited.

[4] *United States v. Rodriguez*, 725 F.3d 271, 276 (2d Cir. 2013) (internal quotation marks omitted).

[5] *Id.*

[6] *United States v. Mata*, 133 F.3d 200, 202 (2d Cir. 1998) (internal quotation marks omitted); *McClain v. United States*, 676 F.2d 915, 918 (2d Cir. 1982) (upholding increased sentence for bank robbery upon resentencing where sentences for section 924(c) enhancement and underlying offense were "truly interdependent"); *see also United States v. Pisani*, 787 F.2d 71, 73 (2d Cir. 1986) (explaining that *McClain*'s holding was reached because district judge had "most likely given a shorter term on the robbery count than he would have given had he not felt bound to impose a consecutive sentence on the section 924(c) count"); *United States v. Gordils*, 117 F.3d 99, 102-04 (2d Cir. 1997) (reaffirming *McClain*'s holding and upholding increase in sentence for counts remaining after Section 924(c) conviction was collaterally attacked and vacated); *United States v. Vasquez*, 85 F.3d 59, 61 (2d Cir. 1996) (vacating section 924(c) conviction and remanding for resentencing with instructions that the district court may increase sentence for related counts).

[7] *Mata*, 133 F.3d at 202; *see also United States v. Weingarten*, 713 F.3d 704, 713 (2d Cir. 2013) (rejecting a double jeopardy challenge to an increased sentence after one count was vacated because, *inter alia*, "all five counts are integrally related and concern the same underlying pattern of conduct").

Here, Cain's original two counts of conviction were integrally related, and his sentencing package was interdependent within the meaning of our precedents. Both Count One and Count Two concerned the same underlying pattern of conduct: armed bank robberies. Under the United States Sentencing Guidelines, district courts may apply a firearms enhancement to a robbery conviction *or* impose a mandatory consecutive sentence under Section 924(c), but not both.[8] As we have observed, this rule "renders [a consecutive] sentence truly interdependent."[9] Thus, when Cain was originally sentenced, the District Court did not include a five-level Guidelines enhancement to Count One for Cain's use of a firearm in connection with the robbery conspiracy because it imposed a consecutive sentence under section 924(c). However, once Cain's Section 924(c) conviction was vacated, the Guidelines firearm enhancement to Count One was applicable.[10] Accordingly, even though Cain's resentencing on Count One resulted in an increased term of imprisonment after his Section 924(c) conviction was vacated, there is no double jeopardy violation because Cain's original sentence was interdependent.[11]

Cain claims that he had a legitimate expectation of finality regarding his sentence on Count One because his original 63-month term of imprisonment expired ten days before his resentencing. But we have explained that this rule about interdependent sentences applies even when defendant "had finished serving his original . . . sentence for his [related non-§ 924(c)] convictions at the time of his resentencing" so long as the defendant "was still serving the overall term on his larger sentencing package."[12] Here, Cain had served his original term of imprisonment for Count One by the time he was resentenced, but he had not served the accompanying term of supervised release. And although Cain contends that at the time of his resentencing, "*the 63-month Hobbs Act sentence was the only sentence that Mr. Cain was serving*" because "[o]n August 28, 2019, approximately two months before Cain was resentenced, the district court vacated his firearm conviction,"[13] that claim is belied

---

[8] *See* U.S.S.G. § 2K2.4 application note 4. The Guidelines go on to provide an example: "[I]f a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction." *Id.*

[9] *Mata*, 133 F.3d at 202 (internal quotation marks omitted).

[10] The Supreme Court has recognized that this process occurs with some regularity after a defendant has a Section 924(c) conviction vacated. *See Davis*, 139 S. Ct. at 2336 ("[W]hen a defendant's § 924(c) conviction is invalidated, courts of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted." (internal quotation marks omitted)).

[11] Reflecting the idea of interdependence, at resentencing the District Court made the record "very clear that this defendant, had there not been a [Section] 924(c) [conviction], would have been sentenced to ten years on the underlying crimes originally . . . ." A.132.

[12] *Triestman*, 178 F.3d 624, 631 (2d Cir. 1999); *United States v. Rico*, 902 F.2d 1065, 1068 (2d Cir. 1990) (rejecting double jeopardy argument because "[u]nder the original sentence [defendant] had served only the imprisonment portion of her sentence and still faced supervised release for a term of five years.").

[13] Cain Reply Br. at 4 (emphasis in original).

4

by the record[14] and foreclosed by our precedent.[15] Thus, since Cain had not completed his term of supervised release on his original sentence for Count One and since Cain's Section 924(c) conviction was not vacated until October 21, 2019, Cain was still serving the overall term on his larger sentencing package at the time of resentencing.

Accordingly, we conclude that the District Court did not err, much less plainly err, in resentencing Cain to an increased term of 120 months' imprisonment on Count One after his Section 924(c) conviction in Count Two was vacated.

## CONCLUSION

We have reviewed the other arguments raised by Cain on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the amended sentence imposed by the District Court on Count One.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[14] Indeed, although the District Court did file a decision and order on August 28, 2019, it was only to set a later date "for the purpose of vacating [Cain's] 924(c) conviction, and resentencing him on the remaining count of conviction." A.110. Cain's Section 924(c) conviction was not vacated until October 21, 2019, at the same hearing at which Cain was resentenced.

[15] *Triestman*, 178 F.3d at 626-28, 631 (after district court vacated defendant's Section 924(c) conviction, upholding resentencing on the non-Section 924(c) counts to increased term of imprisonment, by which time defendant had already served a term of imprisonment that was seven months longer than the term of imprisonment originally imposed for those non-Section 924(c) counts).