**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1075

UNITED STATES,

Appellee,

v.

HENRY A. ALVAREZ-CUEVAS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Lipez, Circuit Judge,
Campbell, Senior Circuit Judge,
and Howard, Circuit Judge.

Robert M. Thomas, Jr., Royston H. Delaney and Thomas & Associates on brief for appellant.
Nelson Pérez-Sosa, Assistant U.S. Attorney and Rosa Emilia Rodríguez-Vélez on brief for appellee.

January 4, 2007

**Per Curiam**. Defendant-appellant Henry Alvarez-Cuevas pled guilty, without a plea agreement, to one count of hostage taking, in violation of 18 U.S.C. § 1203(a) (Count I), and one count of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count II). He was originally sentenced to 109 months' imprisonment on Count I and to the statutory mandatory minimum of seven years on Count II. This court vacated his original sentence on the ground that the sentencing court had erred in applying U.S.S.G. § 2A4.1(b)(6) to enhance his sentence on Count I, and remanded with instructions that in light of the Court's intervening decision in United States v. Booker, 543 U.S. 220 (2005), "[t]he entire sentence is . . . subject to reconsideration, not just the § 2A4.1(b)(6) enhancement." United States v. Alvarez-Cuevas, 415 F.3d 121, 122 (1st Cir. 2005). Alvarez appeals from the sentence of 78 months' imprisonment imposed on Count I on remand.

Alvarez' sole argument on appeal is that the district court erred in denying his motion for preparation of a new presentence investigation report (PSR) prior to resentencing. He maintains that the court on resentencing should have "sought further information in a revised, comprehensive pre-sentence report addressing the hitherto prohibited or discouraged factors." Appellant's Brief, p.8. The only such factors that appellant specifically mentioned (age, education and lack of guidance as a

-2-

youth), however, were addressed in the original PSR. No specific mitigating facts related to those factors were raised at resentencing or in appellant's brief.

At the resentencing hearing, defense counsel asked the court to consider defendant's "history and characteristics" under 18 U.S.C. § 3553(a)(1). Specifically, defense counsel raised two mitigating facts: 1) defendant's IQ and 2) defendant's role relative to other participants. The court expressly took those facts into account in arriving at a sentence in the middle of the recalculated guideline range (70 - 87 months). Defense counsel also asked the court to consider his client's psychological state. However, that factor was addressed at length in the original PSR.

Neither at the resentencing hearing nor in his brief has appellant identified any new information not already considered by the sentencing judge which a new or revised PSR would have provided. The information in the record, including the information presented at the resentencing hearing, enabled the district court to "meaningfully exercise its sentencing authority under 18 U.S.C. § 3553." Fed. R. Crim. P. 32(c)(i)(A)(ii). The court did not abuse its discretion in denying the motion for preparation of a new PSR. See United States v. Triestman, 178 F.3d 624, 633 (2d Cir. 1999).

Appellant's argument that the district court "simply applied the guidelines as presumptively reasonable" is not supported by the record. The court expressly stated that it was

-3-

relying upon the § 3553 factors urged by appellant, based on facts presented at resentencing regarding defendant's limited mental capacity and his responsibility relative to other participants in the offense. Post-Booker, "a district court should normally begin with a guideline calculation, and . . . after considering departures, the district court should decide whether 'other factors' (beyond the guidelines) warrant[] an ultimate sentence above or below the guideline range." United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006). The record indicates that the district court did just that, and provided a "plausible explanation and a defensible overall result." United States v. Jiménez-Beltre, 445 F.3d 1, 4 (1st Cir. 2006).

Appellant's conviction and sentence are affirmed. See 1st Cir. R. 27(c).