**UNITED STATES of America, Appellee,**

v.

**Edward CONHAIM, Defendant–Appellant,**

**Patricia Conhaim, Defendant.**

**Docket No. 97–1707.**

United States Court of Appeals, Second Circuit.

Submitted Oct. 23, 1998.

Decided Nov. 13, 1998.

---

**894**

Cheryl J. Sturm, Westtown, Pennsylvania, for Appellant.

Edward R. Broton, Assistant United States Attorney, Northern District of New York (Thomas J. Maroney, United States Attorney, of counsel), for Appellee.

Before: McLAUGHLIN and CABRANES, Circuit Judges, and GOLDBERG, Judge, U.S. Court of International Trade.*

JOSÉ A. CABRANES, Circuit Judge:

Defendant-appellant Edward Conhaim appeals from resentencing by the United States District Court for the Northern District of New York (Neal P. McCurn, *Judge*) on the issue of restitution. Defendant contends that the district court erred (1) by not ordering an updated presentence investigation report ("PSR") prior to the resentencing and (2) by imposing restitution without considering the financial needs of defendant's child. The government responds that the court was not required to order an updated PSR and did take into account the financial needs of Conhaim's dependent son. For the reasons stated below, we affirm the judgment of the district court.

**I.**

On January 3, 1994, defendant pled guilty to conspiracy to commit extortion, extortion, and mail fraud, in violation of 18 U.S.C. §§ 1951 and 1341. Prior to sentencing, defendant moved to withdraw his plea of guilty, but the district court denied the motion. *See United States v. Conhaim,* No. 93–CR–166, 1994 WL 722005 (N.D.N.Y. Dec.23, 1994). The district court imposed sentence on January 9, 1995 after having received and reviewed a PSR prepared by the court's Probation Office. It sentenced him to imprisonment for forty-six months, supervised release for two years, and restitution of $19,626.68. Defendant appealed his sentence and the district court's decision on defendant's motion to withdraw his plea, both of which were affirmed by summary order. *See United States v. Conhaim,* 71 F.3d 404 (2d Cir.1995) (Table).

On September 9, 1996, the district court vacated its original sentence on a motion by defendant pursuant to 28 U.S.C. § 2255. The district court found that Conhaim's appellate counsel had rendered ineffective assistance by failing to identify error in the fact that Conhaim was not given an opportunity to personally address the district court at sentencing. *Id.* at *7 (decided under Fed. R.Crim.P. 32(c)(3)(C), which requires that the court "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence").

Upon resentencing on December 19, 1996, the district court imposed a sentence of imprisonment for forty-two months, supervised release for two years, and restitution of $19,-626.68. Conhaim appealed, and we upheld

---

* Sitting by designation.

the sentence in all but one respect: we vacated only the restitution order and remanded for consideration of Conhaim's ability to pay restitution. *See United States v. Conhaim,* 122 F.3d 1058, 1997 WL 383510, at *4 (2d Cir.1997) (Table; text on Westlaw).

On remand, the district court held an evidentiary hearing at which defendant testified at length as to his financial obligations and his ability to make monthly payments. At that hearing on November 12, 1997, Conhaim presented testimony and other evidence of his current financial situation. At the conclusion of the hearing, the court ordered defendant to pay $19,626.68 in restitution in $35 monthly installments while he was in a halfway house and, upon his release, in monthly installments of the greater of $75 or 5 percent of his gross monthly income. This appeal followed.

## II.

■■■■ We write primarily to address defendant's first claim on appeal—that the district court erred in refusing to order, on remand for resentencing, an updated PSR containing information about defendant's financial situation. Defendant bases this claim on Fed. R.Crim.P. 32(b)(1) and 18 U.S.C. § 3664(a). Rule 32 currently reads:

> **(b) Presentence Investigation and Report**
>
> **(1) When Made.** The probation officer must make a presentence investigation

and submit a report to the court before the sentence is imposed, unless:

> **(A)** the court finds that the information in the record enables it to exercise its sentencing authority meaningfully under 18 U.S.C. § 3553; and
>
> **(B)** the court explains this finding on the record.
>
> Notwithstanding the preceding sentence, a presentence investigation and report, or other report containing information sufficient for the court to enter an order of restitution, as the court may direct, shall be required in any case in which restitution is required to be ordered.

Fed.R.Crim.P. 32(b)(1) (1998). Section 3664(a) currently reads in pertinent part:

> (a) For orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order. The report shall include, to the extent practicable, a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant.

18 U.S.C. § 3664(a) (1998).[1]

These provisions require that a PSR be prepared prior to *sentencing* to assist the

---

1. Rule 32(b) and § 3664 were amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, §§ 207–211, 110 Stat. 1214 (1996), to include additional language specific to orders of restitution. The new language requires that PSRs be prepared in restitution cases with "information sufficient" for the court to fashion a restitution order. *See* Fed.R.Crim.P. 32(b)(1) (1998); 18 U.S.C. § 3664(a) (1998). The earlier version of Rule 32(b)(1) reads as follows:

**(b) Presentence Investigation and Report.**
(1) **When Made.** The probation officer must make a presentence investigation and submit a report to the court before the sentence is imposed, unless:
(A) the court finds that the information in the record enables it to exercise its sentencing authority meaningfully under 18 U.S.C. § 3553; and
(B) the court explains this finding on the record.
Fed.R.Crim.P. 32(b)(1) (1995).

The earlier version of § 3664(a) and (b) reads, in pertinent part, as follows:
(a) The court, in determining whether to order restitution ... and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and other such factors as the court deems appropriate.
(b) The court may order the probation service of the court to obtain information pertaining to the factors set forth in subsection (a) of this section....
18 U.S.C. § 3664(a) and (b) (1995).

The government contends that no updated PSR was required in the instant case because defendant's case was covered by earlier versions of Rule 32(b) and § 3664, while defendant maintains that his case is covered by the provisions as amended. The AEDPA provided that the amendments "shall ... be effective for sentencing proceedings in cases in which the defendant is *con-*

court in entering an order of restitution. It is undisputed, however, that a PSR was prepared prior to Conhaim's 1995 sentencing and that this PSR included information relevant to his ability, at that time, to pay restitution.

Defendant contends that, under these provisions on restitution, he was entitled to an updated PSR for his resentencing on the issue of restitution. We disagree. Rule 32(b) and § 3664 do not mandate that the district court in all circumstances require an updated PSR in the event of *resentencing*, and we are not aware of any court that has read them to impose such a requirement. It would strain the language of these provisions to impose a mechanical requirement that a PSR be "updated" in the event of resentencing, without regard to the particular circumstances presented and without regard to the sort of record actually before the judge at a resentencing hearing. In our view, absent explicit direction by Congress or the rulemakers, any such blanket requirement—especially under the sentencing system created pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.* and 28 U.S.C. §§ 991–98, in which resentencings are common—would be unreasonable, serve no identifiable interest of justice, and disserve the interests of judicial economy by requiring unnecessary work by the Probation Office. Accordingly, we hold that in the circumstances presented here—where a hearing on resentencing was held at which the parties had a full opportunity to be heard and to supplement the PSR as needed—a reading of Rule 32(b) and § 3664 to require a new or "updated" PSR upon resentencing would be strained and unjustified.

We have carefully considered all of defendant's arguments in support of this claim and consider them to be without merit.

### III.

■■■■ Conhaim's second claim on appeal is that the district court erred in imposing restitution without considering the financial obligations of defendant to his 14–year–old child. Both the current version and the pre-1996 version of 18 U.S.C. § 3664 require the district court in ordering restitution to consider, among other factors, the financial obligations of defendant to his dependents.[2] We have made it clear that, if the record fails to demonstrate that the sentencing court considered the needs of defendant's dependents as a factor in imposing restitution, the restitution order will be vacated. *See United States v. Giwah,* 84 F.3d 109, 114 (2d Cir. 1996). The district judge "need not make specific findings" with respect to this factor, but the record must reflect that the court did consider it. *Id.*

In the instant case, the record demonstrates that the court considered defendant's financial obligations to his 14–year–old son. Defendant testified at the resentencing hearing that his child support obligations were temporarily waived while he was in prison, that his son received Social Security benefits, and that he had placed certain assets in trust for his son. Defense counsel submitted the trust instrument into evidence, and the court questioned defendant about the trust. In setting the amount of restitution and the monthly payment schedule, the court stated that it had "taken into consideration your financial condition and the other factors set forth in 18 [U.S.C.] Section 3663"; one of the factors listed in § 3663 is "the financial needs

---

*victed* on or after [April 24, 1996,] the date of enactment of this Act." Pub.L. No. 104–132, § 211 (emphasis supplied). The parties disagree as to the date upon which defendant was "convicted." The government claims that, for these purposes, defendant was "convicted" prior to the effective date of the amendments because he pled guilty on January 3, 1994 and was originally sentenced on January 9, 1995; defendant claims that, because his January 1995 sentence and a portion of his December 1996 sentence were vacated, he was not "convicted" until he was resentenced and a judgment of conviction was entered formally on November 21, 1997. We need not resolve this issue here, as defendant's

claim fails under either version of Rule 32(b) and § 3664.

**2.** *See* 18 U.S.C. § 3664(f)(2) (1998) ("Upon determination of the amount of restitution owed to each victim, the court shall ... specify ... the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of—[*inter alia* ] ... (C) any financial obligations of the defendant; including obligations to dependents"); *cf.* 18 U.S.C. § 3664(a) (1995) ("The court, in determining whether to order restitution ... shall consider [*inter alia* ] ... the financial needs and earning ability of the defendant and the defendant's dependents").

and earning ability of the defendant and the defendant's dependents." 18 U.S.C. § 3663(a)(1)(B)(i)(II). Further, at the hearing, the court initially set defendant's monthly restitution payments at $50 while in custody and the greater of $100 or 10 percent of his gross monthly income upon release, but, after defendant reiterated, among other circumstances, his child support obligations, the court reduced the amount of defendant's monthly payments to $35 per month while in custody and $75 or 5 percent of his gross income upon release.

We hold, on the basis of our review of this record, that the district court adequately considered defendant's financial obligations to his child before it entered its new restitution order.

### IV.

For the reasons stated above, the judgment of the district court is affirmed.