United States v. Gadsden

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand eleven.

PRESENT: DENNIS JACOBS,
                         *Chief Judge*,
        ROBERT A. KATZMANN,
        SUSAN L. CARNEY,
                         *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

        *Appellee*,

        -v.-                                    10-1889

DAMONE GADSDEN,

        *Defendant-Appellant*.


- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:        Theodore S. Green,
                      Green & Willstatter
                      White Plains, NY

1

**FOR APPELLEE:**          Andrew Bauer, Katherine Polk Failla
                          Assistant United States Attorneys, *for*
                          Preet Bharara, United States Attorney,
                          Southern District of New York,
                          New York, NY

Appeal from an amended judgment of the United States District Court for the Southern District of New York (Robinson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is **AFFIRMED**.

Damone Gadsden appeals the district court's amended judgment, resentencing him to concurrent terms of 262 months' imprisonment, arguing that the district court erred by failing to order an updated presentencing report ("PSR") in advance of resentencing, and that the Fair Sentencing Act of 2010 ("FSA") should be applied retroactively to Gadsden's case. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** Gadsden argues that the district court was required to order an updated PSR from the United States Probation Office prior to his resentencing. Because Gadsden did not raise this objection below, we review for plain error. See United States v. Quintieri, 306 F.3d 1217, 1234 (2d Cir. 2002). We find none. Under Federal Rule of Criminal Procedure 32(c), a probation officer need not "conduct a presentence investigation and submit a report to the court before it imposes sentence" if the court finds that it can meaningfully exercise its sentencing authority based on information already in the record, and if "the court explains its finding on the record." Although Rule 32(c) generally requires a PSR prior to an initial sentencing, "this rule does 'not [similarly] mandate that the district court in all circumstances require an updated PSR in the event of *resentencing*.'" United States v. Triestman, 178 F.3d 624, 633 (2d Cir. 1999) (alteration in original)

2

(quoting United States v. Conhaim, 160 F.3d 893, 896 (2d Cir. 1998)). In particular, no updated report is required when "the parties are given a full opportunity to be heard and to supplement the PSR as needed." Id.; see also Quintieri, 306 F.3d at 1234. Gadsden was afforded the opportunity to supplement the original PSR with information pertaining to his behavior in prison since his initial sentencing. Gadsden's counsel spoke at the resentencing hearing regarding Gadsden's vocational and educational training while in prison, and also submitted a presentencing memorandum citing various certificates of achievement that he had been awarded. We find that the district court did not commit plain error in declining to order an updated PSR.

**[2]** Gadsden also urges this Court to apply the provisions of the FSA retroactively to his case and remand to the district court in light of the Act's revisions of the drug weight thresholds necessary to trigger mandatory minimum sentences for certain narcotics offenses. But we have expressly held that the FSA does not apply retroactively to crimes committed prior to its enactment. See United States v. Acoff, 634 F.3d 200, 201-02 (2d Cir. 2011) (per curiam); United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010) (per curiam).

For the foregoing reasons, the amended judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK