14-3357-cr(L)
United States v. Sampson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand sixteen.

PRESENT: ROBERT A. KATZMANN,
      *Chief Judge*,
      RAYMOND J. LOHIER, JR.,
      CHRISTOPHER F. DRONEY,
      *Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

       *Appellee*,

       v.          Nos. 14-3357-cr(L),
                 14-3361-cr(CON),
RODNEY ZECHARIAH SAMPSON, JOHN  14-4584-cr(CON)
GILBERT JUNCAL, JAMES ANDERSON
CAMPBELL, JR.,

       *Defendants-Appellants.*[*]

------------------------------------------------------------------

FOR APPELLANT
SAMPSON:     RICHARD HALEY, Haley Weinblatt & Calcagni, LLP,
         Islandia, NY.

---

[*] The Clerk of Court is directed to amend the caption of this case as set forth above.

1

FOR APPELLANT
JUNCAL:                    JOHN S. WALLENSTEIN, Garden City, NY.

FOR APPELLANT
CAMPBELL:                  Richard A. Miller, Miller & Skubik, LLP, Commack,
                           NY.

FOR APPELLEE:              CHRISTOPHER C. CAFFARONE, Assistant United States
                           Attorney (Amy Busa, Assistant United States Attorney,
                           *on the brief*) *for* Robert L. Capers, United States
                           Attorney for the Eastern District of New York,
                           Brooklyn, NY.

Appeal from judgments of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Court are **AFFIRMED**.

Defendants-appellants John Juncal, James Campbell, and Rodney Sampson appeal from judgments resentencing them in connection with their earlier convictions for conspiracy to commit mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349. The Defendants' initial sentences were previously vacated by this Court due to procedural error. See United States v. Corsey, 723 F.3d 366 (2d Cir. 2013). On remand, the District Court sentenced Juncal, Campbell, and Sampson to terms of imprisonment lasting twenty, sixteen, and fifteen years, respectively. Juncal challenges his sentence as both procedurally and substantively unreasonable. Campbell and Sampson challenge their sentences as substantively unreasonable only. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1. Procedural Unreasonableness

"We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard." United States v. Thavaraja, 740 F.3d 253, 258

2

(2d Cir. 2014) (quotation marks omitted). "Procedural reasonableness focuses on whether a district court 'fails to calculate the [Sentencing] Guidelines range, makes a mistake in its Guidelines calculation, treats the Guidelines as mandatory, does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact.'" United States v. Matta, 777 F.3d 116, 124 (2d Cir. 2015) (alterations omitted) (quoting United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008)). Juncal argues that his sentence was procedurally flawed because the District Court (1) refused to consider his arguments, (2) failed to provide reasons for imposing a 20-year sentence, and (3) did not order an updated presentence investigation report ("PSR") before resentencing him.

We reject each of these arguments. The District Court reviewed Juncal's resentencing memorandum and considered Juncal's argument that his age and post-conviction rehabilitation counseled in favor of a shorter sentence. In rejecting those arguments, the District Court adequately explained its reasoning: it based Juncal's sentence on his continued efforts to deceive the Probation Department following his conviction, his long history of fraudulent conduct, his role as the mastermind of the fraudulent scheme for which the Defendants were convicted, and reports by prison authorities that he was a "problem inmate." Juncal App'x 52-54. Nor are we persuaded that the District Court erred in not ordering an updated PSR. First, Juncal never formally requested one, and second, district courts are not required to obtain an updated PSR upon resentencing when, as in this case, "a hearing on resentencing was held at which the parties had a full opportunity to be heard and to supplement the PSR as needed." United States v. Conhaim, 160 F.3d 893, 896 (2d Cir. 1998). Here, Juncal had the opportunity to supplement the initial PSR in his resentencing memorandum describing for the District Court his post-conviction disciplinary record and his medical condition. We therefore conclude that the District Court did not procedurally err in resentencing Juncal.

3

## 2. Substantive Unreasonableness

Substantive reasonableness "focuses on a district court's explanation of its sentence in light of the factors contained in 18 U.S.C. § 3553(a)." United States v. Gonzalez, 529 F.3d 94, 98 (2d Cir. 2008). We will vacate a sentence for substantive unreasonableness only if it "cannot be located within the range of permissible decisions." United States v. Watkins, 667 F.3d 254, 261 (2d Cir. 2012) (quoting Cavera, 550 F.3d at 189 (2d Cir. 2008)). All three Defendants argue that their sentences are substantively unreasonable largely because the fraudulent scheme for which they were convicted – an attempt to obtain three billion dollars, purportedly to finance a pipeline in Siberia – was so entirely implausible as to be doomed to fail. The Defendants acknowledge that the District Court, after determining that the applicable Guidelines range for each Defendant was the statutory maximum of twenty years' imprisonment based on the intended loss of three billion dollars, see 18 U.S.C. § 1343; U.S.S.G. §§ 2B1.1(b)(P), 5G1.1(a) (2013), eventually settled on sentences either at or below the applicable Guidelines range. Nevertheless, they argue, basing their offense level on an intended loss without initial regard for the implausibility of the scheme resulted in sentences that were unreasonably high.

We might have been persuaded by the Defendants' arguments had the District Court relied exclusively on the seriousness of their offense. But the District Court also based the sentences on the Defendants' history of fraudulent behavior. The District Court noted, for example, that Juncal, who was 68 years old at the time of resentencing, had engaged in criminal acts of fraud since the age of 25 and previously had been arrested eight times and convicted four times for fraudulent conduct. Campbell had also previously engaged in several frauds, resulting in several felony fraud convictions. Worse yet, he committed one of those frauds while incarcerated in 1997, and committed the pipeline fraud at issue in this case while on parole for three prior fraud convictions. It is true that Sampson had not been convicted of fraud before this case, and his claim of substantive reasonableness therefore

4

presents a closer call.   Nevertheless, as the District Court observed, Sampson successfully defrauded a company's chief executive officer of $75,000 while on pretrial release and supervision awaiting trial for the pipeline fraud.[1]   Particularly because of the Defendants' previous criminal conduct, and the strong deference afforded to district courts in sentencing defendants, we conclude that this is not one of the "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Cavera, 550 F.3d at 189 (quotation marks omitted).

We have considered all of the Defendants' remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgments of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1]  The District Court initially resentenced Sampson to seventeen years' imprisonment but later reconsidered its decision and decreased the sentence by two years based on a statement Sampson made at his resentencing hearing that acknowledged the seriousness of the crime he committed and that the District Court viewed as a sign of remorse.