18-2229-cr
*United States v. Anderson*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty.

PRESENT:  AMALYA L. KEARSE,
JOSÉ A. CABRANES,
PETER W. HALL,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee*,

v.

KWAME ANDERSON, ALSO KNOWN AS SEALED
DEFENDANT 3, ALSO KNOWN AS KWAM,                                   18-2229-cr

*Defendant-Appellant*

KEYEWANIE BLACKLEDGE, ALSO KNOWN AS SEALED
DEFENDANT 1, ALSO KNOWN AS MONSTER; ABDUL ABDULLAH,
ALSO KNOWN AS SEALED DEFENDANT 2, ALSO KNOWN AS
DULA, ALSO KNOWN AS ABDUL RAHM ABDULLAH; CLEMENT
BOATENG, ALSO KNOWN AS SEALED DEFENDANT 4, ALSO
KNOWN AS CLEM; FRANK BOATENG, ALSO KNOWN AS SEALED
DEFENDANT 5, ALSO KNOWN AS WHITE; TROY CARTER, ALSO
KNOWN AS SEALED DEFENDANT 6; MALIK CROCKER, ALSO
KNOWN AS SEALED DEFENDANT 7, ALSO KNOWN AS BREAD;
SHONDELL CROCKER, ALSO KNOWN AS SEALED DEFENDANT 8,

1

ALSO KNOWN AS DELL; JONATHAN CRUZ, ALSO KNOWN AS
SEALED DEFENDANT 9, ALSO KNOWN AS FATBOY FRESH;
JOVAN FIELDS, ALSO KNOWN AS SEALED DEFENDANT 10,
ALSO KNOWN AS MIKE JONES; MARK FRIERSON, ALSO KNOWN
AS SEALED DEFENDANT 11; GLEN GILLIARD, ALSO KNOWN
AS SEALED DEFENDANT 12, ALSO KNOWN AS SMOKE; DAIVON
HENRY, ALSO KNOWN AS SEALED DEFENDANT 13, ALSO KNOWN
AS VONTT; LARRINGTON HENRY, ALSO KNOWN AS SEALED
DEFENDANT 14, ALSO KNOWN AS BEBO; MARKEEN JORDAN,
ALSO KNOWN AS SEALED DEFENDANT 15, ALSO KNOWN AS
KINGO; MARIO MARTINEZ, ALSO KNOWN AS SEALED DEFENDANT
16, ALSO KNOWN AS DOT; MAURICE MARTINEZ, ALSO KNOWN AS
SEALED DEFENDANT 17, ALSO KNOWN AS YOUNG; NATHANIEL
MEDINA, ALSO KNOWN AS SEALED DEFENDANT 18, ALSO KNOWN
AS NATE; ROBERT PIZARRO, ALSO KNOWN AS SEALED DEFENDANT
19, ALSO KNOWN AS DREW, ALSO KNOWN AS TRUE; RAYMOND
RODRIGUEZ, ALSO KNOWN AS SEALED DEFENDANT 20, ALSO
KNOWN AS RAY; JOSHUA TORRES, ALSO KNOWN AS SEALED
DEFENDANT 21, ALSO KNOWN AS LOONEY; BENJAMIN TOWNES,
ALSO KNOWN AS SEALED DEFENDANT 22, ALSO KNOWN AS BENNY;
SHAQUAN WILSON, ALSO KNOWN AS SEALED DEFENDANT 23, ALSO
KNOWN AS SHAY; BERTRILLE LUCAS, ALSO KNOWN AS KIKI,

*Defendants.*.*

---

**FOR APPELLEE:** KEDAR S. BHATIA, Assistant United States Attorney (Daniel B. Tehrani, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney, Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:** ROBIN CHRISTINE SMITH, Law Office of Robin C. Smith, ESQ. P.C., New York, NY.

Appeal from an amended judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

---

* The Clerk is directed to amend the caption as shown above.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 25, 2018 amended judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Kwame Anderson ("Anderson") appeals from a July 25, 2018 amended judgment convicting him, following a guilty plea, of brandishing a firearm during and in relation to a narcotics conspiracy. The District Court originally sentenced Anderson principally to 84 months' imprisonment, to be followed by 60 months of supervised release. Anderson appealed his conviction and sentence. We affirmed the conviction but, upon consent of the parties, remanded the cause for the limited purpose of resentencing Anderson with respect to the term of supervised release. *See United States v. Blackledge*, 721 F. App'x 41, 45 (2d Cir. 2018).[1]

On remand, the District Court imposed a new term of supervised release of two years. On appeal, Anderson challenges his new sentence of supervised release on the grounds that: (1) the District Court did not have a new presentence investigation report ("PSR"); and (2) his counsel provided ineffective assistance by failing to object to the new sentence relying on the original PSR.[2] We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I.      Resentencing Hearing

Federal Rule 32(c)(1)(A) of Criminal Procedure provides that "[t]he probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless . . . (ii) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." Fed.

---

[1] The District Court mistakenly assumed that the 60-month term of supervised release was a mandatory minimum sentence. The District Court noted at the original sentencing hearing that, absent that putative minimum, it would have sentenced Anderson to a two-year term of supervised release.

[2] Anderson also had challenged the imposition of a new condition of supervised release, referred to as "standard condition 12," along with his counsel's failure to object to the condition at sentencing. That condition stated: "If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk." App'x at 92. We dismissed as moot Anderson's challenges to the standard condition, as well as to his counsel's failure to object to that condition, after "[t]he United States District Court for the Southern District of New York issued a standing order vacating the special condition for all defendants and no revised version [was] re-imposed on [Anderson]." September 20, 2019 Motion Order, Case No. 18-2229-cr, ECF No. 114 (denying in part and granting in part the Government's motion to dismiss the instant appeal).

R. Crim. P. 32(c)(1)(A). Anderson argues that the District Court's resentencing of his term of supervised release violated Rule 32 because the new sentence of supervised release was imposed without an updated PSR or an express finding that the information in the record, without the updated PSR, was sufficient to impose the new sentence.

Because Anderson "did not object to the use of the original PSR at the time of resentencing, we review its use for plain error." *United States v. Quintieri*, 306 F.3d 1217, 1234 (2d Cir. 2002). "Plain error review requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Cook,* 722 F.3d 477, 481 (2d Cir. 2013) (internal quotation marks omitted).

On review, we conclude that the District Court did not err, let alone plainly err, in using the original PSR to resentence Anderson. "We have held that Rule 32 does not require 'an updated PSR in the event of *resentencing*' if, for example, 'the parties are given a full opportunity to be heard and to supplement the PSR as needed.'" *Quintieri*, 306 F.3d at 1234 (quoting *United States v. Triestman*, 178 F.3d 624, 633 (2d Cir. 1999)(internal quotation marks omitted)); *see also Triestman*, 178 F.3d at 633 ("When, for example, a court holds a resentencing hearing at which the parties are given a full opportunity to be heard and to supplement the PSR as needed, courts need not order or rely on an updated PSR." (citing *United States v. Conhaim,* 160 F.3d 893, 896 (2d Cir. 1998)). That is true here.

Anderson "was provided a full opportunity to supplement the original PSR" at the resentencing hearing "and the need for an updated PSR was not readily apparent." *Quintieri*, 306 F.3d at 1234–35. To the extent that Anderson now thinks that an updated PSR was warranted to update the District Court as to his "current physical and mental state [and] his status and circumstances[ ] since his original sentenc[ing]," Appellant's Br. at 15, Anderson did precisely that at the resentencing hearing. *See* App'x at 83–84 (statements by Anderson providing an account of the various courses and programs that Anderson had participated in while incarcerated). Additionally, Anderson submitted a letter brief to the District Court prior to resentencing addressing the issue of supervised release after the District Court had invited him to do so.

In the circumstances presented, we simply "cannot fault the district court for failing to order a new PSR" to resentence Anderson. *Quintieri*, 306 F.3d at 1235 (holding that the district judge did not err, much less plainly err, by resentencing the defendant without an updated PSR in part because "[t]he defendant submitted a detailed letter updating the court on his conduct while incarcerated[,] [a]nd the court provided the defendant, as well as his counsel, an opportunity to speak at the resentencing hearing"); *Triestman*, 178 F.3d at 633 (holding that the district court did not err by resentencing the defendant without an updated PSR in part because the defendant had an opportunity at the resentencing hearing to describe his post-conviction conduct).

4

**II.    Ineffective Assistance of Counsel**

To "demonstrate a colorable claim of ineffective assistance," the defendant "has the burden of . . . showing: (i) 'that counsel's performance was deficient' and (ii) 'that the deficient performance prejudiced the defense.'" *Chang v. United States*, 250 F.3d 79, 84 (2d Cir. 2001) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact and is reviewed *de novo.*" *Id.* at 82 (quoting *Triana v. United States,* 205 F.3d 36, 40 (2d Cir. 2000)).

Although "a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance," *Massaro v. United States*, 538 U.S. 500, 504 (2003), where the claim's "resolution is beyond any doubt or . . . in the interest of justice," the claim can be considered on direct appeal, *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003) (quoting *United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990)) (internal quotation marks omitted).  Here, because the parties agree that a § 2255 motion is unnecessary, and the claim of ineffectiveness is "straightforward and susceptible to resolution as a matter of law" beyond any doubt, we agree to consider Anderson's claim on direct appeal. *United States v. De La Pava*, 268 F.3d 157, 163 (2d Cir. 2001) (alteration and internal quotation marks omitted).

In the circumstances presented, we conclude that Anderson has failed to meet either prong of the *Strickland* test to demonstrate a colorable claim of ineffective assistance of counsel. Because there was no apparent need for an updated PSR in Anderson's case, counsel's failure to request one did not fall below an "objective standard of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 688. Nor can Anderson demonstrate that any prejudice ensued from his counsel's alleged deficient performance. At the resentencing hearing, Anderson updated the District Court on new circumstances since he was originally sentenced. Anderson failed to show that, but for his counsel's failure to object, there is a "reasonable probability" that he would have received a less severe sentence of supervised release. *Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir. 1994); *see also Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

**CONCLUSION**

We have reviewed all of the arguments raised by Anderson on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 25, 2018 amended judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5